## SAFETY INSURANCE COMPANY *vs.* RONALD LAURENT & others.[1]

Suffolk. October 6, 1993. - December 7, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Insurance*, Motor vehicle insurance, Underinsured motorist, Construction of policy. *Moot Question. Practice, Civil*, Moot case.

This court remanded a case to the Superior Court for entry of a judgment declaring that an insurer was not liable to certain claimants for underinsurance benefits provided by an insurance policy issued by the insurer where, since it was established at the time of oral argument that the claimants had been paid their actual damages by the tortfeasor's liability carrier, the issue on appeal, whether the tortfeasor's automobile was "underinsured" within the meaning of that term in the policy, had become moot. [501-502]

CIVIL ACTION commenced in the Superior Court Department on June 26, 1990.

The case was heard by *Patrick J. King*, J., on a statement of agreed facts.

The Supreme Judicial Court granted a request for direct appellate review.

*Alice Olsen Mann* (*Karyn T. Hicks & Denise K. Cahalane* with her) for the plaintiff.

*Chris A. Milne* (*Omar Hernandez* with him) for the defendant.

O'CONNOR, J. This case is the second of three we consider today involving the definition of an "underinsured" automobile under a standard Massachusetts automobile insurance policy issued by the plaintiff, Safety Insurance Company.

---

[1]Lucy Laurent and Marie Rose Laurent.

See *Alguila* v. *Safety Ins. Co., ante* 494 (1993); *Fleurgin* v. *Safety Ins. Co., post* 503 (1993).

The following facts are undisputed. Ronald Laurent, Lucy Laurent and Marie Rose Laurent were injured in an automobile accident. The tortfeasor had in effect an automobile insurance policy with stated bodily injury limits of $10,000 per person and $20,000 per accident, and the tortfeasor's insurance company agreed to settle each of the three claims for $6,666.66. The Laurents subsequently sought underinsurance benefits from Ronald Laurent's Massachusetts automobile insurance policy, issued by Safety, which had stated underinsurance limits of $10,000 per person and $20,000 per accident. The Laurents filed for arbitration claiming that they were entitled to underinsurance benefits equal to the difference between the amounts actually recovered from the tortfeasor and the underinsurance limits stated in Ronald Laurent's policy. Safety then commenced a declaratory judgment action seeking an order that the Laurents were not entitled to underinsurance benefits because the tortfeasor's vehicle did not qualify as underinsured under G. L. c. 175, § 113L(2), and the Safety policy.

Based on an agreed statement of facts, a judge of the Superior Court held that the Laurents were entitled to recover underinsurance benefits from Safety "up to the amount of $3,333.33 each to the extent they are able to establish that their actual damages exceeded $6,666.66 each." The judge reasoned that Safety's approach ignored the amount actually recovered by a tort victim and ignored what an objectively reasonable insured would expect. He concluded that bodily injury liability limits are less than underinsurance limits where an injured party has not received the full amount of bodily injury liability coverage from a tortfeasor's policy due to multiple claimants.

Safety appealed from that decision, and we granted direct appellate review. We were informed at oral argument that the arbitrator has determined that none of the Laurents sustained damages greater than those he or she had already recovered. Thus, it has now been established that the Laurents

have been paid their actual damages by the tortfeasor's liability carrier, and the issue raised by the appeal has become moot. We note, however, that the Superior Court judge's ruling is inconsistent with our holding today in *Alguila, supra.*

We remand this case to the Superior Court for the entry of a declaratory judgment that Safety is not liable to the Laurents for underinsurance benefits.

*So ordered.*